**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

CLEVELAND L. JONES,

    Petitioner,

v.                                                       Case No. 8:04-cv-1248-T-30EAJ

JAMES V. CROSBY, JR., et al.,

    Respondents.
_____/

# **O R D E R**

Petitioner, an inmate of the Florida Penal System, initiated this action by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Dkt. 2.) Respondent has filed a response (Dkt. 6), Petitioner has filed a reply (Dkt. 10) to the response, and the matter is before the Court for a decision on the merits. For reasons set forth below, the Court finds that Petitioner has failed to show that he is entitled to federal habeas relief.

## **BACKGROUND**

Petitioner was charged with one count of burglary of a dwelling. (Dkt. 8, Ex. 17 Vol. I at 100-01.) After a trial (id. vol. II at 3-147), he was found guilty as charged (id. at 154-55; vol. I at 104). The state intermediate appellate court affirmed his conviction. (Id., Ex. 3.) Petitioner filed a motion for postconviction relief (id., Ex. 11), which was denied by the state postconviction court (id., Ex. 12). The state intermediate appellate court affirmed (id., Ex.

13), and denied Petitioner's motion for rehearing (id., Ex. 15). Petitioner then timely filed the instant petition. (Dkt. 2.)

## DISCUSSION

**Grounds 1 through 7:    Ineffective Assistance of Counsel**

To prevail on the ground of ineffective assistance of counsel, Petitioner must show that (1) counsel's performance was deficient, i.e., fell below an objective standard of reasonableness under prevailing professional norms; and (2) counsel's deficient performance prejudiced Petitioner's defense, i.e., "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 687-88, 694 (1984). Since Grounds 1 through 7 were raised in the state postconviction court, whether Petitioner is entitled to relief on these grounds must be determined under the § 2254(d)(1) standard of review:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim . . . resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States . . . .

**Ground 1:   Failure to inspect crime scene**

Petitioner contends that counsel was ineffective for failing to make a personal inspection of the crime scene in order to challenge the State's classification of the burglarized structure as a dwelling, which raised the charge to a second-degree felony. However, the owner of the structure testified that the structure was attached to his house and connected by

the main roof (Dkt. 8, Ex. 17 vol. II at 45), and Petitioner alleges no facts to the contrary (see Dkt. 2 at 22-24; Dkt. 10 at 8). Petitioner thus fails to show that no reasonably competent attorney would have gone to trial without personally inspecting the crime scene, or that such an inspection could have made a difference in the charge. Hence, Petitioner has failed to show either deficiency or prejudice, and this ground was properly rejected.

**Ground 2:    Failure to object to motion in limine**

A deposition to perpetuate testimony of a witness was recorded on video. (Dkt. 8, Ex. 17 vol. III.) The State filed a motion in limine (id., Ex. 11 at exhibit 2) regarding a portion of the deposition, which motion was unopposed (Dkt. 2 at 29). Petitioner contends that counsel was ineffective for failing to oppose the motion. However, in deciding not to oppose the motion, counsel communicated to Petitioner that the modified deposition would provide a specific tactical advantage. (Id.) In such strategic decisions, defense counsel are afforded wide latitude. Strickland, 466 U.S. at 687-91. Petitioner has explained neither why counsel's analysis was unreasonable nor how denial of the motion could have changed the result of his trial. Therefore, Petitioner has failed to satisfy either prong of Strickland on this ground.

**Ground 3:    Failure to cross-examine witness or call witness for defense regarding waiver of Miranda rights**

It appears that during Detective Collier's interview of Petitioner after the crime, Detective Brown was present. (Dkt. 8, Ex. 17 vol. II at 87, 94-95.) The State called Detective Brown to testify at trial, questioning him primarily regarding a measurement made at the crime scene. (Id. at 30-32.) Petitioner's counsel declined to cross-examine. (Id. at 33.)

Petitioner contends that counsel was ineffective for failing to cross-examine Detective Brown regarding whether Petitioner waived his Miranda rights during the police interview or to call Detective Brown to testify for this purpose. However, Petitioner neither alleges the expected substance of Detective Brown's testimony, nor explains how such testimony reasonably could have changed the result of the trial. Accordingly, Petitioner has failed to show that his case was prejudiced by counsel's not examining Detective Brown.

**Ground 4:   Failure to move for judgment of acquittal where State produced no fingerprint evidence**

The State offered no evidence that Petitioner's fingerprints were on the burglarized structure or the leafblower that was allegedly taken during the burglary. (See Dkt. 8, Ex. 17 vol. II at 53.) In substance, Petitioner argues that his counsel was ineffective for failing to move for a judgment of acquittal based on legal insufficiency of the evidence. However, counsel made just such a motion at the close of the State's case in chief. (Id. vol. II at 99-100.) Therefore, this ground is without merit.

**Ground 5:   Failure to request jury instruction on value of item allegedly taken**

Petitioner contends that counsel was ineffective for failing to request a jury instruction on the value of the leafblower allegedly taken during the burglary. However, because Petitioner was charged only with burglary (Dkt. 8, Ex. 17 vol. I at 100), which did not require proof of value or even that anything was stolen, Fla. Stat. § 810.02(1)(a) (2007), the value of the leafblower was immaterial.

**Ground 6:     Failure to object to defect in form in Information**

Petitioner alleges that the Information charging him was improperly signed by an assistant state attorney, and that counsel was ineffective for failing to object to this defect. However, it appears that the Information was signed by the state attorney and not the assistant. (See Dkt. 8, Ex. 17 vol. I at 100-01.) Furthermore, even if the Information was defective in form, Petitioner has not shown that the trial court would not have permitted the State to amend the Information, and thus has failed to demonstrate prejudice.

**Ground 7:     Failure to move to suppress evidence of confession**

In substance, Petitioner contends that counsel was ineffective for failing to move to suppress Detective Collier's testimony regarding Petitioner's confession during the police interview. On the contrary, during Detective Collier's testimony, counsel objected to the State's failure to establish waiver of Miranda rights before introducing evidence of Petitioner's confession. (Dkt. 8, Ex. 17 vol. II at 80-81.) The objection was sustained, and the State gave evidence of waiver. (Id. at 81-82.) Also, counsel objected to unfair surprise in the State's introduction of a Miranda rights waiver form. (Id. at 82.) However, on further inquiry, the court found that counsel had had prior notice of the contents of the form, so the court overruled the objection. (Id. at 82-84, 86-87.) Finally, counsel objected to introduction of evidence of a confession, arguing that Petitioner had previously asserted his right to remain silent. (Id. at 82-84.) This objection was in substance a motion to suppress. After receiving further evidence on this point, including a proffer examination of Detective Collier,

the court overruled the objection. (Id. at 82-88.) Counsel's vigilance in raising these three separate objections rendered his performance competent, and Petitioner's argument on this ground fails.

Accordingly, the state postconviction court's denial of relief on Grounds 1 through 7 (id., Ex. 12 at 1-4) was not contrary to, or an unreasonable application of, the test set forth by the United States Supreme Court in Strickland, and Petitioner is not entitled to relief on any of these grounds.

**Ground 8:   Denial of Due Process**

Petitioner essentially argues that the state intermediate appellate court violated his Fourteenth Amendment right to due process of law by disregarding its own appellate rules in denying Petitioner's motion for rehearing. Although it is not at all clear that the court misapplied any of its own rules, in any event enforcement of state-created rights is not the purpose of the § 2254 writ of habeas corpus. Cabberiza v. Moore, 217 F.3d 1329, 1333 (11th Cir. 2000). Federal habeas relief is available only for injuries caused by a violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). Thus, "a habeas petition grounded on issues of state law provides no basis for habeas relief." Branan v. Booth, 861 F.2d 1507, 1508 (11th Cir. 1988); see Wainwright v. Goode, 464 U.S. 78, 86 (1983). This is so even where the petition couches a state law issue in the language of due process. Branan, 861 F.2d at 1508. Therefore, Petitioner is not entitled to relief on this ground.

ACCORDINGLY, it is **ORDERED AND ADJUDGED** that:

1. The Petition for Writ of Habeas Corpus (Dkt. 2) is **DENIED**.

2. The **Clerk** shall enter judgment against Petitioner, terminate all pending motions, and close this case.

**DONE** and **ORDERED** in Tampa, Florida on July 25, 2007.

　　　　　　　　　　　　　　　　　/s/ James S. Moody, Jr.
　　　　　　　　　　　　　　　　　JAMES S. MOODY, JR.
　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record