**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

CLEVELAND L. JONES,

    Petitioner,

-vs-                                                  Case No.  8:04-cv-1248-T-30EAJ

JAMES V. CROSBY, JR., et al.,

    Respondents.
_____/

## ORDER

This matter is before the Court on Petitioner's "Petition for Writ of Habeas Corpus, Motion for Magistrate Objected" which the Court construes as a motion seeking appointment of counsel, and a motion to alter or amend the Court's July 25, 2007 Order dismissing his petition (Dkt. 15).  Judgment was entered against Petitioner on July 26, 2007 (Dkt. 14). Petitioner fails to cite any legal authority for his motion.

The Federal Rules of Civil Procedure provide two vehicles by which a party may seek relief in a postjudgment motion, Fed. R. Civ. P. 59(e) and Fed. R. Civ. P. 60(b).  In addressing the classification of postjudgment motions, the Eleventh Circuit "has drawn a substantive/collateral distinction: 'Rule 59 applies to motions for reconsideration of matters encompassed in a decision on the merits of the dispute, and not matters collateral to the merits.'" *Finch v. City of Vernon*, 845 F.2d 256, 259 (11th Cir. 1988) (citations omitted).

Petitioner challenges the substance of the Court's order denying him habeas relief. Because Petitioner filed[1] his motion within ten days[2] of entry of the judgment, the Court will treat Petitioner's motion as a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e). *See Price v. Philpot,* 420 F.3d 1158, 1167 n.9 (10th Cir. 2005)(treating motion for reconsideration filed within ten days of entry of judgment as a motion to alter or amend the judgment under Fed. R. Civ. P. 59(e)); *Wendy's Int'l v. Nu-Cape Constr.*, 169 F.R.D. 680, 684 (M.D. Fla. 1996)("Whether a motion challenging a judgment on the merits should be considered as a motion to alter or amend, or as a motion for relief from judgment turns upon the time at which the motion is served. If it is served within ten (10) days of rendition of the judgment, the motion should be considered as one to alter or amend, and if it is served after that time, it should be considered a motion for relief from judgment.").

"A motion for reconsideration must demonstrate why the court should reconsider its prior decision and 'set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.' Courts have recognized three (3) grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice... Moreover, the refusal to grant relief in a

---

[1] Although the motion was not received by the Clerk's office for filing until August 9, 2007, Petitioner delivered his motion to prison officials for mailing on August 6, 2007 (Dkt. 15 at 3). This circuit considers § 2254 petitions for habeas relief and documents related thereto "filed" when a *pro se* prisoner delivers one of them to a prison official for mailing. *See Houston v. Lack*, 487 U.S. 266, 270-71 (1988) (a notice of appeal filed by an incarcerated *pro se* litigant was deemed filed at the time the inmate relinquished control of it to prison officials); *Adams v. United States*, 173 F.3d 1339, 1341 (11th Cir. 1999) (*pro se* prisoner's §2255 motion is deemed filed the date that it is delivered to prison authorities for mailing).

[2] Even without excluding intermediate Saturdays and Sundays, the tenth day fell on August 5, 2007, a Sunday. Fed. R. Civ. P. 6(a) states in pertinent part that where the last day for performance of an act falls on a Sunday, performance on the next day which is not a Sunday is timely. Therefore, because Petitioner filed his motion on the following Monday, August 6, 2007, it is timely.

motion for reconsideration is reviewed under an abuse of discretion standard." *Villaflores v. Royal Venture Cruise Lines*, 1997 U.S. Dist. LEXIS 18727, *6 (M.D. Fla. 1997)(citations omitted). When considering a motion to reconsider, "a Court will not alter a prior decision absent a showing of clear and obvious error where the interest of justice demand correction." *Id*. at *5-6(citations omitted). Petitioner has not shown that this Court made a clear error resulting in manifest injustice by denying his petition. Simply put, Petitioner has not demonstrated any basis for the Court to reconsider its Order.

As to Petitioner's request for appointment of counsel, there is no automatic constitutional right to legal representation in federal habeas corpus proceedings. *See Hooks v. Wainwright*, 775 F.2d 1433, 1438 (11th Cir. 1985). Appointment of counsel is only warranted when due process or the interests of justice require it. *McBride v. Sharp*, 25 F.3d 962, 971 (11th Cir. 1994); *Hooks*, 775 F.2d at 1438. Petitioner has not demonstrated that appointment of counsel is necessary.

**ACCORDINGLY**, the Court **ORDERS** that Plaintiff's motion to alter or amend the Court's July 25, 2007 Order and for appointment of counsel is **DENIED.** (Dkt. 15).

**DONE** and **ORDERED** in Tampa, Florida on September 21, 2007.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
All Parties of Record