## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

CLEVELAND L. JONES,

    Petitioner,

-vs-                                                       Case No.  8:04-cv-1248-T-30EAJ

JAMES R. MCDONOUGH,[1] et al.,

    Respondents.
_____/

## ORDER

This matter comes before the Court upon receipt of Petitioner's Notice of Appeal (Dkt. 17) of the July 25, 2007 decision denying his petition for relief under 28 U.S.C. § 2254, (Dkt. 13), which the Court construes as an Application for Certificate of Appealability ("COA") filed pursuant to Rule 22, Fed. R. App. P.,[2] and 28 U.S.C. §2253[3] (Dkt. 18). Petitioner did not pay the $455 appellate filing fee or file a request to proceed on appeal *in forma pauperis*.

---

[1] James R. McDonough, the current Secretary of the Florida Department of Corrections, is substituted as the proper party respondent for James V. Crosby, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

[2] "Certificate of Appealability.  (1) In a habeas corpus proceeding in which the detention complained of arises from process issued by a state court, or in a 28 U.S.C. §§ 2255 proceeding, the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. §§ 2253(c). If an applicant files a notice of appeal, the district judge who rendered the judgment must either issue a certificate of appealability or state why a certificate should not issue. . . . If no express request for a certificate is filed, the notice of appeal constitutes a request addressed to the judges of the court of appeals."  Rule 22, Fed. R. App. P.

[3] "Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from -- (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;. . . (2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c).

While issuance of a COA does not require a showing that the appeal will succeed, more than the absence of frivolity or the presence of good faith is required for a petitioner to clear this hurdle. *See Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003). Under the controlling standard for issuance of a certificate of appealability where a district court has, as in the instant case, rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir. 2001).

Petitioner's challenge to his state conviction was denied on the merits. Because Petitioner has failed to demonstrate that reasonable jurists would find the Court's assessment of the petition debatable or wrong, he has failed to satisfy the two-prong *Slack* test. 529 U.S. at 484.

ACCORDINGLY, the Court **ORDERS** that the request for issuance of a certificate of appealability is **DENIED** (Dkt. 18).

**DONE** and **ORDERED** in Tampa, Florida on October 19, 2007.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc

Copies furnished to:
Petitioner/Counsel of Record